IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case. No. 25-CR-958 GBW

MARIO LEYVA-MANZANARES,

    Defendant.

## ORDER REOPENING DETENTION HEARING AND RELEASING DEFENDANT PENDING RESOLUTION OF COUNT TWO

THIS MATTER is before the Court upon Defendant's oral motion after he entered a plea of guilty to Count 1 of his pending Information. *Doc. 10*; *see also doc. 1*.

After the guilty plea to Count 1, the Court imposed sentence as to that count. *Id*. Consequently, one charge remains pending against Defendant: a violation of 50 U.S.C. § 797 (Count 2).

A detention hearing may be reopened at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 1342(f). One of the factors to be considered in this determination is the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2).

Subsequent to the original detention hearing, the Court has concluded that the charge brought in Count 2 requires a showing that a defendant knew they were entering a regulated military area.  *See* Memorandum Opinion and Order, *United States v. Acosta-Garcia*, No. 2:25-mj-1418-GBW, *doc. 5* (May 14, 2025).  Based on the factual allegations in the criminal complaint in the instant case, there is no probable cause to support such a finding.  *See Criminal Complaint, United States v. Leyva-Manzanares*, No. 2:25-PO-538-GJF, *doc. 1* (April 28, 2025).  Given this conclusion and the lack of any further evidence of knowledge presented by the government, Count 2 is fatally weak.

Based on the foregoing, the Court is reopening the detention hearing and finding that conditions of release can be fashioned pending resolution of Count 2.  Defendant will be released on his own recognizance.

This release order shall become effective at **12:00 p.m. MST on the day following the change of plea**, unless the United States files an appeal with the District Judge AND obtains a stay of this Order from the District Judge.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE